[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16394
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00432-AKK-WC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS RANDALL CAFFIE,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 2, 2018)

Before WILSON, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Curtis Caffie appeals his convictions and sentence for conspiracy to

distribute and possess with intent to distribute cocaine, and using and possessing a

firearm in furtherance of a drug trafficking crime.  Caffie argues that his trial counsel rendered constitutionally ineffective assistance.

We do not usually address claims for ineffective assistance of counsel on direct appeal except in the "rare instance when the record is sufficiently developed."  *United States v. Merrill,* 513 F.3d 1293, 1308 (11th Cir. 2008).  "An ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255."  *United States v. Butler*, 41 F.3d 1435, 1437 n.1 (11th Cir. 1995).

The record below is not sufficiently developed to evaluate Caffie's ineffective assistance of counsel claim at this time.  If he wishes to appeal his conviction or sentence on ineffective assistance of counsel grounds, he should do so in a habeas proceeding under 28 U.S.C. § 2255 so that he may have an "opportunity fully to develop the factual predicate for the claim."  *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694 (2003).

We decline to consider Caffie's ineffective assistance of counsel claim on direct appeal.  He is free to pursue his claim in a § 2255 proceeding.  Caffie's convictions and sentences are **AFFIRMED**.